**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

SAJI THOMAS,

Plaintiff,

v. Case No. 4:19-cv-00002-RBS-RJK

SEA WORLD PARKS & ENTERTAINMENT, LLC
d/b/a WATER COUNTRY USA,

and

SEA WORLD PARKS, INC.
d/b/a WATER COUNTRY USA,

Defendants.

**MEMORANDUM IN SUPPORT OF LEAVE TO TAKE DEPOSITIONS AND REPLY TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

The Plaintiff, Saji Thomas, by counsel, respectfully moves this Court for an Order granting leave to take the depositions of Dr. Kieran D. Cody (attached Exhibit A) and Dr. Vince Gelezinsky (attached Exhibit B) and to extend the discovery cutoff for the purpose of taking depositions and in support thereof states at follows:

## INTRODUCTION

The plaintiff, Saji Thomas, was injured while riding a water ride known as "Meltdown" at Water Country USA on July 12, 2015. Both the plaintiff and his wife and daughter were all injured in the accident when the raft they were riding in collapsed at the end of the ride. Complaints were filed in all three cases in York County Circuit Court. Saji Thomas's case was

removed to the federal court after the plaintiff made a settlement demand of $185,000.00 in a letter December 5, 2018. The cases for the wife and daughter remain pending in York County Circuit Court and are set for trial on September 19, 2019, with a jury.

A settlement conference was held on July 12, 2019 in the state case before retired Judge Louis R. Lerner. By agreement, the case of Saji Thomas was also included in the Settlement Conference. The Settlement Conference was originally scheduled for May 17, 2019 but was continued until July 12, 2019 at the request of the defendant. The defendant did not act in good faith at the Settlement Conference and only offered nominal settlements in all three cases. The plaintiff, Saji Thomas's medical expenses total $67,234.72. Within hours of the Settlement Conference the defendant filed a Motion for Summary Judgement. It was never their intention to negotiate in good faith and the Settlement Conference was a sham.

**Argument**

Counsel for the plaintiff has had numerous conversations with counsel for the defendant regarding dates for the taking of the depositions in Philadelphia. Counsel for the plaintiff was repeatedly advised that the dates did not matter because counsel in Pennsylvania would be attending the depositions. The record will indicate that on May 16, 2019 an Order was entered granting Laurianne Falcone, an attorney in Philadelphia, permission to appear Pro hac vice in this case solely for the purpose of taking depositions in Pennsylvania. Accordingly, the depositions in Pennsylvania could not have taken place prior to May 16, 2019.

The taking of depositions prior to the Settlement Conference would be unnecessary and a needless increase in the cost of litigation had the defendant's appeared at the Settlement Conference in good faith. The deposition of the plaintiff's orthopedic doctor would cost

$10,000.00, including the time and travel expenses necessary to attend. Therefore, the scheduling delay was in the best interest of all parties. The Settlement Conference unfortunately was moved from May 17, 2019 to July 12, 2019, solely at the request of counsel for the defendant. Obviously, the depositions would be unnecessary if the case was to settle.

Unfortunately, the defendant did not come to the Settlement Conference in good faith. The defendant never had any intention of making a reasonable settlement offer to resolve these cases. Within hours of the Settlement Conference the defendant filed a Motion for Summary Judgement in this case. This was clearly the strategy of the defendant all along knowing the depositions were being held in abeyance to see if the cases could be settled.

The plaintiff, Saji Thomas, was treated in the emergency room at Sentara Williamsburg on the day of the accident. All of the plaintiff's medical treatment thereafter was in Pennsylvania. The defendant is completely aware of the medical claims being made in this case and the treatment the plaintiff received. This was the very reason they submitted a Pro hov vice application on behalf of Laurianne Falcone who practices at Marshall Dennehey in Philadelphia, Pennsylvania, solely for the purpose of taking the depositions.

More importantly, the depositions in this case have been coordinated with the depositions in the two state cases. The deposition of Dr. Ninad Sthalekar, an Orthopedic Surgeon at Bucks County Orthopedic Specialists is scheduled to be taken immediately before the deposition of Dr. Cody on the same date in the wife's case (see attached Exhibit C). That deposition will take place regardless of the outcome of this Motion. Coordinating the deposition of two orthopedic doctors on the same date in the same practice was not an easy task.

Likewise, the deposition of Dr. Gelezinsky is scheduled in the cases of Suda Thomas and Neethu Saji on the same date and time July 25, 2019 (see attached Exhibits D and E). The

depositions of Dr. Gelezinsky in the state cases will take place regardless of the outcome of the Motions in this case. There is no reasonable basis to argue that a third deposition of Dr. Getezinsky in this case should not proceed as scheduled. The depositions of Dr. Gelezinsky had to also be coordinated with the orthopedic depositions either the day before or the day after.

The Motion to Quash the depositions of Dr. Cody and Dr. Getezinsky is disingenuous considering the totality of how and why they were scheduled. Counsel for the defendant suggests that because the deadline for depositions was July 9, 2019 receiving the notice three days later, knowing that was the date of the Settlement Conference, demonstrates that counsel is not cooperating in good faith, has interposed this objecting to cause unnecessary delay and needless increase in the cost of litigation and should be denied.

Counsel for the defendant claims prejudice because the depositions cannot be discussed at the Attorney Conference on July 26, 2019. Objections to the deposition testimony, if any, can easily be resolved prior to the Final Pretrial Conference on August 2, 2019.

**Conclusion**

The deposition of Dr. Gelezinsky and Dr. Sthalekar will take place on July 24 and July 25, 2019 in the state court cases regardless of the outcome of the defendant's Motion to Quash the depositions herein. Counsel for the plaintiff has repeatedly communicated with counsel for the defendant about coordinating deposition dates and intentionally waited until after the July 12 Settlement Conference in the interest of all parties. These depositions come as no surprise to counsel for the defendant. They have counsel in Philadelphia, Pennsylvania for the purpose of taking the depositions and the three other depositions will take place on the same date and time.

The only reason a date after the Settlement Conference was chosen was in the interest of all parties, not just the plaintiff, to avoid the unnecessary expense and needless increase in the

cost of the litigation. To suggest these depositions should have been scheduled sooner is simply not being candid with the Court. The defendant was solely responsible for moving of the Settlement Conference from May 17, 2019 to July 12, 2019. Defendant now seeks to unfairly take advantage of the discovery cutoff date when they were fully aware of the efforts being taken to coordinate dates so that all discovery could be accomplished at the same time.

To grant the defendant's Motion to Quash would unfairly gut the plaintiff's claim for damages without good cause. This would be grossly unfair and subvert the proper adjudication of this case. Counsel could have easily agreed to a mutually acceptable date but remained silent simply to gain some kind of procedural advantage.

Plaintiff respectfully requests that the defendant's Motion for a Protective Order and Motions to Quash the depositions be denied. Plaintiff further requests that an Order be entered extending the discovery cutoff to allow the taking of the depositions in Pennsylvania.

Dated this 17th day of July 2019.

**SAJI THOMAS**

/s/

William D. Breit, Esq. (VSB No. 17814)
Breit Law, P.C.
5544 Greenwich Road
Suite 100
Virginia Beach, VA 23462
(757) 456-0333 / (757) 456-0002 (fax)
bbreit@breitlawyer.com
*Attorney for Saji Thomas*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system and U.S. Mail on July 17, 2019.

David C. Bowen, Esquire (VSB No. 26771)
Dbowen@wilsav.com
Brianna L. Barnes (VSB No. 88079
***Wilcox Savage***
440 Monticello Avenue
Suite 2200
Norfolk, VA 23510
bbarnes@wilsav.com
(757) 628-5500 / (757) 628-5566 (fax)
*Attorney for Defendant*

/s/

William D. Breit, Esq. (VSB No. 17814)
Breit Law, P.C.
5544 Greenwich Road
Suite 100
Virginia Beach, VA 23462
(757) 456-0333 / (757) 456-0002 (fax)
bbreit@breitlawyer.com
*Attorney for Saji Thomas*

VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

SUDHA THOMAS,

Plaintiff,

v.

SEA WORLD PARKS &
ENTERTAINMENT, LLC d/b/a
WATER COUNTRY USA,

Defendant.

**NOTICE OF TAKING DEPOSITION**

TAKE NOTICE that on **July 24, 2019 at 4:30 p.m.**, the plaintiff, by counsel, will take the deposition of **Ninad D. Sthalekar, M.D.**, at Bucks County Orthopedic Specialist, 800 West State Street, Suite 201, Doylestown, PA 18901, before a court reporter and a Notary Public or some other officer qualified to take depositions. If said deposition be not commenced or if commencement be not concluded on that day, the taking thereof will be adjourned from day to day, at the same time and place until the same shall be completed.

SUDHA THOMAS

By ______________________
Of Counsel

William D. Breit, Esq. (VSB #17814)
Breit Law PC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
T: (757) 456-0333 / F: (757) 456-0002

EXHIBIT
tabbies
C

**CERTIFICATE OF MAILING**

I certify that on this 11 day of July, 2019, I mailed a true and correct copy of the foregoing Notice via U.S. Mail pursuant to the provisions of Rule 1:12 of the Rules of the Supreme Court of Virginia as follows:

David C. Bowen, Esq. (VSB No. 26771)
dbowen@wilsav.com
Brianna L. Barnes, Esq. (VSB No. 88079)
Bbarnes@wilsav.com
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
***Counsel for Defendant***

William D. Breit

VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

SUDHA THOMAS,

Plaintiff,

v.

SEA WORLD PARKS &
ENTERTAINMENT, LLC d/b/a
WATER COUNTRY USA,

Defendant.

**NOTICE OF TAKING DEPOSITION**

TAKE NOTICE that on **July 25, 2019 at 10:00 a.m.**, the plaintiff, by counsel, will take the deposition of **Dr. Vince Gelezinsky**, at the Coventry Chiropractic Rehab Center, 220 N. Main Street, Souderton, PA 18969, before a court reporter and a Notary Public or some other officer qualified to take depositions. If said deposition be not commenced or if commencement be not concluded on that day, the taking thereof will be adjourned from day to day, at the same time and place until the same shall be completed.

SUDHA THOMAS

By ______________________
Of Counsel

William D. Breit, Esq. (VSB #17814)
Breit Law PC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
T: (757) 456-0333 / F: (757) 456-0002

EXHIBIT
D

**CERTIFICATE OF MAILING**

I certify that on this 11 day of July, 2019, I mailed a true and correct copy of the foregoing Notice via U.S. Mail pursuant to the provisions of Rule 1:12 of the Rules of the Supreme Court of Virginia as follows:

David C. Bowen, Esq. (VSB No. 26771)
dbowen@wilsav.com
Brianna L. Barnes, Esq. (VSB No. 88079)
Bbarnes@wilsav.com
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
***Counsel for Defendant***

William D. Breit

VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

NEETHU SAJI, an infant, by SUDHA THOMAS,
her parent and next friend, and SUDHA THOMAS,
individually

Plaintiff,

v. Case No. CL18000670-00

SEA WORLD PARKS, INC. d/b/a
WATER COUNTRY USA,

Defendant.

## NOTICE OF TAKING DEPOSITION

TAKE NOTICE that on **July 25, 2019** at **10:30 a.m.**, the plaintiff, by counsel, will take the deposition of **Dr. Vince Gelezinsky**, at the Coventry Chiropractic Rehab Center, 220 N. Main Street, Souderton, PA 18969, before a court reporter and a Notary Public or some other officer qualified to take depositions. If said deposition be not commenced or if commencement be not concluded on that day, the taking thereof will be adjourned from day to day, at the same time and place until the same shall be completed.

NEETHU SAJI

SUDHA THOMAS

By ______________________
Of Counsel

William D. Breit, Esq. (VSB #17814)
Breit Law PC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
T: (757) 456-0333 / F: (757) 456-0002

EXHIBIT
tabbies
E

**CERTIFICATE OF MAILING**

I certify that on this 11 day of July, 2019, I mailed a true and correct copy of the foregoing Notice via U.S. Mail pursuant to the provisions of Rule 1:12 of the Rules of the Supreme Court of Virginia as follows:

David C. Bowen, Esq. (VSB No. 26771)
dbowen@wilsav.com
Brianna L. Barnes, Esq. (VSB No. 88079)
Bbarnes@wilsav.com
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
***Counsel for Defendant***

William D. Breit